[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] OPINION AND JUDGMENT ENTRY
* * * * *
This matter is before the court on appeal from the Erie County Court of Common Pleas. Pursuant to 6th Dist.Loc.App.R. 12(C), this case is hereby assigned to the accelerated calendar.
At a hearing on June 24, 1997, appellant Rodney Hicks entered pleas of guilty to one count of receiving stolen property, in violation of R.C. 2913.51(A), and one count of failure to appear, in violation of R.C. 2937.29. By journal entries dated June 30, 1997 and September 26, 1997, the trial court sentenced appellant to serve a prison term of sixteen months for the receiving stolen property offense, and two years for the failure to appear offense. The court ordered appellant to serve the prison terms consecutively. Additionally, the trial court informed appellant that the parole board could increase his sentence up to fifty percent should he commit a crime in prison, and if he violated post-release conditions, an additional time sanction could be imposed.
According to the record before us, appellant has not yet had his prison sentence extended for "bad time" pursuant to R.C.2967.11. Further, appellant has not yet completed his original term of imprisonment to be subject to sanctions for violating post-release control conditions under R.C. 2967.28.
Appellant now appeals setting forth five assignments of error challenging the constitutionality of R.C. 2967.11, the sentencing statute which provides for "bad time", and R.C.2967.28, which provides sanctions for violating post-release control after release from imprisonment.
Appellant's five assignments of error are found not well-taken on the authority of this court's decision in State v.Somerlot (Jan. 23, 1998), Erie App. No. E-97-002, unreported. Accord, State v. Davis (Dec. 31, 1997), Miami App. No. 97-CA-17, unreported.
The judgment of the Erie County Court of Common Pleas is affirmed. Court costs of this appeal assessed to appellant.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
 _______________________________ Peter M. Handwork, P.J.
JUDGE
 _______________________________ George M. Glasser, J.
JUDGE
 _______________________________ Melvin L. Resnick, J.
JUDGE
CONCUR.
STATE v. LANZINGER, ___ Ohio App.3d ___ (3-2-1998) ___ N.E.2d ___ John L. Hill, Relator v. Judge Judith Ann Lanzinger, Lucas County Court of Common Pleas, Respondent. Court of Appeals No. L-98-1003. In the Court of Appeals of Lucas County. Decided: March 2, 1998.
DECISION AND JUDGMENT ENTRY
* * * * *
John L. Hill, pro se.
* * * * *
This matter is before this court on a complaint for mandamus filed by relator, John L. Hill, acting pro se, in which he asked this court to compel respondent, Judge Judith Ann Lanzinger, to rule on a "MOTION TO HARMONIZE/MODIFY SENTENCE TOCONFORM WITH S.B.-2(SENATE BILL-2)" filed by relator in the trial court on October 21, 1997.
On January 26, 1998, this court filed a decision and judgment entry in which we ordered relator to file a praecipe in compliance with 6th Dist.Loc.App.R. 6 which states, in pertinent part:
 "An original action, other than habeas corpus, shall be instituted by the filing of an original and three copies of a complaint. The petitioner or relator shall also file a praecipe directing the clerk of the court of appeals to serve a copy of the complaint on each other party at the addresses listed in the praecipe. * * *" [Emphasis added.]
On February 12, 1998, relator filed a "PRAECIPE;" however, such praecipe does not conform to the requirements of 6th Dist.Loc.App.R. 6.[1] Accordingly, relator's petition is hereby dismissed at relator's costs.
It is so ordered.
 _______________________________ Peter M. Handwork, P.J.
JUDGE
 _______________________________ George M. Glasser, J.
JUDGE
 _____________________________ James R. Sherck, J.
JUDGE
CONCUR.
[1] We note that the praecipe filed by relator states that it is intended to comply with "Loc.R. 3(B)," and not with 6th Dist.Loc.App.R. 6.